# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### NORTHEASTERN DIVISION

| | |
|---|---|
| **CHARLOTTE F. BROWN,** } | |
| } | |
| **Plaintiff,** } | |
| } | |
| v. } | Case No.: 5:06-CV-02245-RDP |
| } | |
| **MICHAEL J. ASTRUE,** } | |
| **COMMISSIONER OF SOCIAL** } | |
| **SECURITY,** } | |
| } | |
| **Defendant.** } | |

## MEMORANDUM OF DECISION

Plaintiff Charlotte F. Brown brings this action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), and Section 1631(c) of the Social Security Act, 42 U.S.C. § 1383(c), seeking review of the decision of the Commissioner of Social Security ("Commissioner") denying her application for a period of disability and disability insurance benefits under Title II of the Social Security Act.

### I.  Proceedings Below

Plaintiff filed her application for a period of disability and disability insurance benefits on November 18, 2003. (Tr. 43.)  Her application was denied.  (Tr. 30-34.)  Plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ") on July 19, 2005.  (Tr. 35-36, 399-432.)  In his August 30, 2005 decision, the ALJ determined that Plaintiff was not eligible for a period of disability or disability insurance benefits because she was not disabled and retained the residual functional capacity ("RFC") to perform light work with restrictions.  (Tr. 27.)  After the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 4-6), that decision became

the final decision of the Commissioner, and therefore a proper subject of this court's review.

At the time of the hearing in question, Plaintiff was 51 years old with a high school education. (Tr. 16, 43.) Plaintiff had previously worked as a cashier, production assembler, and tire builder. (Tr. 52-53, 62, 71.) Plaintiff alleges that she suffers from disc protrusion and spondylosis in the back and neck. (Tr. 51.) According to Plaintiff, due to these problems she has been unable to engage in substantial gainful activity since April 20, 2003 (Tr. 49.)

## II.  ALJ Decision

Determination of disability under the Social Security Act requires a five step analysis. *See* 20 C.F.R. § 404.1 *et. seq.*  First, the Commissioner determines whether the claimant is working. Second, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities.  Third, the Commissioner determines whether claimant's impairment meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations. Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work.  The claimant's residual functional capacity is what the claimant can do despite her impairment.  Finally, the Commissioner determines whether the claimant's age, education, and past work experience prevent the performance of any other work.  In making this final determination, the Commissioner will use the Medical-Vocational guidelines in Appendix 2 of Part 404 of the Regulations when all of the claimant's vocational factors and the residual functional capacity are the same as the criteria listed in the Appendix.  If the Commissioner finds that the claimant is disabled or not disabled at any step in this procedure, the Commissioner will not review the claim any further.

The court recognizes that "the ultimate burden of proving disability is on the claimant" and that the "claimant must establish a *prima facie* case by demonstrating that [s]he can no longer perform h[er] former employment." *Freeman v. Schweiker*, 681 F.2d 727, 729 (11th Cir. 1982) (other citations omitted). Once a claimant shows that she can no longer perform her past employment, "the burden then shifts to the [Commissioner] to establish that the claimant can perform other substantial gainful employment." *Id.*

The ALJ found that Plaintiff has not engaged in substantial gainful activity since April 20, 2003. (Tr. 26.) Plaintiff met the nondisability requirements of the Social Security Act. (Tr. 26.) Based upon the medical evidence presented, the ALJ concluded that Plaintiff has the cumulatively "severe" impairments of "degenerative disc disease of the cervical spine and residuals of cervical fusion, partial tear of the left rotator cuff, and degenerative disc disease of the lumbar spine." (Tr. 21-22.) Nonetheless, the ALJ determined that Plaintiff's impairments neither meet nor equal the requirements for any impairment in the Listing of Impairments, Appendix 1, Subpart P, Regulations No. 4. (Tr. 26.)

According to the ALJ, Plaintiff's subjective complaints concerning her impairments and their impact on her ability to work are not fully credible due to the degree of inconsistency with the medical evidence established in the record. (Tr. 26.) After consideration of all the medical evidence and testimony, the ALJ found that Plaintiff retains the residual functional capacity to perform light work that allows her to lift no more than 20 pounds, walk no more than one mile, sit for less than an hour at a time, stand for less than an hour and a half at a time, and alternate between sitting and standing. (Tr. 26.) The ALJ found that Plaintiff is able to perform her past relevant work. (Tr. 27.) In addition, the ALJ found that Plaintiff could also perform a significant number of other jobs in the

national economy, all of which allow Plaintiff to work with the above-mentioned limitations. (Tr. 27.) Thus, the ALJ ruled that Plaintiff is not disabled as that term is defined in the Social Security Act and that Plaintiff, therefore, is not entitled to a period of benefits. (Tr. 27.)

### III. Plaintiff's Argument for Remand or Reversal

Plaintiff seeks to have the ALJ's decision, which became the final decision of the Commissioner following the denial of review by the Appeals Council, reversed, or in the alternative, remanded for further consideration. (*See* Pl.'s Mem. 9.) Plaintiff advances one argument for reversal: no reasonable person could have concluded from the evidence and testimony in this case that Plaintiff was capable of performing light work, and it is therefore impossible for the decision of the ALJ to be based on substantial evidence. (Pl.'s Mem. 8-9.)

### IV. Standard of Review

The only issues before this court are whether the record reveals substantial evidence to sustain the ALJ's decision, *see* 42 U.S.C. § 405 (g); *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982), and whether the correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Title 42 U.S.C. §§ 405(g) and 1383(c) mandate that the Commissioner's findings are conclusive if supported by "substantial evidence." *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). The district court may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner; instead, it must review the final decision as a whole and determine if the decision is reasonable and supported by substantial evidence. *See id.* (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

Substantial evidence falls somewhere between a scintilla and a preponderance of evidence; "[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Martin*, 894 F.2d at 1529 (quoting *Bloodsworth*, 703 F.2d at 1239) (other citations omitted). If supported by substantial evidence, the Commissioner's factual findings must be affirmed even if the evidence preponderates against the Commissioner's findings. *See Martin*, 894 F.2d at 1529. While the court acknowledges that judicial review of the ALJ's findings is limited in scope, the court also notes that review "does not yield automatic affirmance." *Lamb*, 847 F.2d at 701. For the reasons set forth below, the ALJ's decision denying Plaintiff benefits is due to be affirmed.

## V.  Discussion

**A.    Substantial Evidence Supports the ALJ's Finding that Plaintiff can Engage in Light Work with Restrictions.**

Plaintiff argues that the ALJ's conclusion that Plaintiff can perform the full range of light work is irrational and not supported by substantial evidence. Plaintiff's argument fails for two reasons. First, the ALJ did not find that Plaintiff could perform all manners of light work, only light work with certain restrictions. Second, and even more importantly, the ALJ's findings are adequately supported by substantial evidence.

The ALJ's opinion states that "[a]lthough [Plaintiff's] exertional limitations do not allow her to perform the full range of light work. . . there are a significant number of light, unskilled jobs in the national economy that she could perform." (Tr. 27.) These limitations reduce the universe of light work to those jobs that allow Plaintiff "to lift no more than 20 pounds, sit for one hour at a time, stand at one time for one to one and one half hours, and walk up to one mile, but she needs to alternate between positions throughout the day." (Tr. 26.) Plaintiff's brief ignores the ALJ's

discussion about these limitations. Both the regulation and the social security ruling cited by Plaintiff address the characteristics of the *full* or *wide* range of light work, not the more limited range found by the ALJ. *See* 20 C.F.R. § 404.1567 (defining the limits of light work and noting that "[t]o be considered capable of performing a *full or wide range* of light work, you must have the ability to do substantially all of [the listed] activities") (emphasis added); S.S.R. 83-10 at *4 (1983) (also defining parameters of the "*full range*" of light work) (emphasis added). Plaintiff's argument says nothing about the actual findings of the ALJ, and is therefore unpersuasive.[1]

Second, the court finds that the ALJ not only applied correct legal standards but that, in addition, the ALJ's findings that Plaintiff had sufficient residual functional capacity to perform light work with limitations are supported by substantial evidence. It is unclear whether Plaintiff challenges the ALJ's rulings on the medical testimony in the case, the vocational testimony, or both. For the sake of thoroughness, therefore, the court will examine both of those areas.

The medical evidence clearly shows that there was substantial evidence to support the ALJ's finding that Plaintiff was not disabled and retained sufficient residual functional capacity to perform light work with limitations. One of Plaintiff's physicians, Dr. Ghavam, noted that Plaintiff's back and neck pain responded well to treatment and would benefit from increased activity. (Tr. 144-46, 206, 220.) Another doctor, Dr. Riehl, noted that Plaintiff described her own symptoms as "minimal." (Tr. 149.) A review of the medical testimony confirms the ALJ's analysis that Plaintiff suffers from several conditions that cause her occasional pain but that those conditions respond well to treatment.

---

[1] This court has addressed the only argument explicitly raised by Plaintiff. Plaintiff's failure to make further arguments operates as a waiver of those arguments in any appeal from this decision. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999). However, despite this procedural defect, the court elects to consider the arguments that may be implied in Plaintiff's brief.

Plaintiff has directed this court to no contradictory medical findings other than her own assertions, which the ALJ discounted as not credible to the extent Plaintiff's assertions disagreed with the medical testimony. (Tr. 24.) The ALJ's reason for discrediting Plaintiff's testimony, along with that of her friend and sister, is that the testimony does not comport with the objective medical evidence. (Tr. 22-24.) When there is a conflict between the medical evidence found in the record and a claimant's testimony, that is a sufficient basis for an ALJ to discount the claimant's testimony. *See Foote v. Charter*, 67 F.3d 1553, 1560 (11th Cir. 1995). In all of these areas, the court finds that the ALJ relied upon substantial evidence in making his findings and made no errors of law.

Likewise, the ALJ's usage of the vocational expert's testimony is proper under the applicable standards of review. Social Security Ruling 83-12 provides that "[i]n cases of unusual limitation of ability to sit or stand, a [vocational expert] should be consulted to clarify the implications for the occupational base." S.S.R. 83-12 at *4 (1983). In this case, the ALJ properly found that Plaintiff's conditions made it impossible for her to sit or stand for the amounts of time associated with normal light work and therefore properly elicited the testimony of a vocational expert. (Tr. 26.) The ALJ posed hypothetical questions to the vocational expert that accurately stated Plaintiff's work limitations.[2] (Tr. 424-30.) The responses to these questions formed the basis for the ALJ's ruling,

---

[2]The hypothetical questions posed to the vocational expert:
>Let's assume we have a hypothetical individual that is currently 52 years of age and she has a twelfth grade education and this past relevant work experience. And if I found that she would be limited to lifting 20 pounds and could sit for one hour at a time, stand at one time for one hour to one and a half hours, and walk up to a mile, but the claimant would need to alternate between positions throughout a day, could such a [sic] individual perform any of these past relevant jobs ?
>. . . .
>Is there some other type of work such a person could perform?

(Tr. 424.)

and constitute substantial evidence upon which the ALJ's decision can be supported. *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002) ("In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments"). The vocational expert responded by noting that are roughly 2,700 jobs in the state available to someone with Plaintiff's limitations. (Tr. 426.) The ALJ adopted this finding. (Tr. 27.) While this court does not make light of the challenges facing Plaintiff in securing work, the court finds the ALJ did not err in relying on the vocational expert. The ALJ based his decision on substantial evidence; therefore, the ALJ's decision has no error justifying reversal and is due to be affirmed.

## VI.  Conclusion

The court concludes that the ALJ's determination that Plaintiff is not disabled is supported by substantial evidence and proper legal standards were applied in reaching this determination. The Commissioner's final decision is therefore due to be affirmed, and a separate order in accordance with the memorandum of decision will be entered.

**DONE** and **ORDERED** this      3rd      day of March, 2008.

                                         **R. DAVID PROCTOR**
                                         UNITED STATES DISTRICT JUDGE